**IN THE UNITED STATES DISTRICT COURT FOR THE**

**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| **JONAS DAVID SMITH,** | 1:06-cv-0886 AWI WMW HC |
| Petitioner, | **FINDINGS AND RECOMMENDATIONS RE MOTION TO DISMISS** |
| vs. | |
| **JEFF WRIGLEY, Warden,** | [Doc. 12] |
| Respondent. | |

    Petitioner is a federal prisoner proceeding pro se on a petition for writ of habeas corpus pursuant to 28 U.S.C. Section 2241. The matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 72-302.  Pending before the court is Respondent's motion to dismiss.

    Writ of habeas corpus relief extends to a person in custody under the authority of the United States.  See 28 U.S.C. § 2241. Writ of habeas corpus relief is available if a federal prisoner can show he is "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3).  Petitioner's claims are proper under 28 U.S.C. §

2241 and not 28 U.S.C. § 2255 because they concern the manner, location, or conditions of the execution of petitioner's sentence and not the fact of petitioner's conviction or sentence. Tucker v. Carlson, 925 F.2d 330, 331 (9th Cir.1990) (stating that a challenge to the execution of a sentence is "maintainable only in a petition for habeas corpus filed pursuant to 28 U.S.C. § 2241"); Montano-Figueroa v. Crabtree, 162 F.3d 548, 549 (9th Cir.1998) (*per curiam*) (allowing a federal prisoner to use § 2241 to challenge the BOP's restitution policies). Further, because Petitioner is challenging the execution of his sentence at Taft Correctional Institution and Taft is within the Eastern District of California, Fresno Division, the court has jurisdiction over this petition. See, Brown v. United States, 610 F.2d 672, 677 (9th Cir. 1990).

In his petition, Petitioner claims that during his incarceration, his First and Fifth Amendment rights have been violated, the conditions and manner in which his sentence has been executed has been egregious, cruel and unusually harsh; and the manner in which pre-release custody has been administered has been illegal. Petitioner also seeks relief from the execution of his sentence on the ground that the Bureau of Prisons ("BOP") by regulation refuses to assess him under 18 U.S.C. Section 3621(b) to determine if he is eligible for 6 months of pre-release placement at a community corrections center. Petitioner asks the court to order the BOP to immediately assess him as required by Section 3621(b) and, in good faith, to determine whether he should be transferred to a community corrections center for the last 6 months of his sentence. He asks that BOP be ordered to conduct the assessment without reference to the BOP policy promulgated in December 2002 and without reference to 28 C.F.R. Section 570.21.

Respondent moves to dismiss the petition on the ground that it is moot. Specifically, Respondent claims Petitioner was released via good conduct time on November 24, 2006. Petitioner has not responded to the motion to dismiss.

The case or controversy requirement of Article III of the Federal Constitution

deprives the court of jurisdiction to hear moot cases. Iron Arrow Honor Soc'y v. Heckler, 464 U.S. 67, 70 104 S.Ct. 373, 374-75 (1983); NAACP., Western Region v. City of Richmond, 743 F.2d 1346, 1352 (9th Cir. 1984). A case becomes moot if the "the issues presented are no longer 'live' or the parties lack a legally cognizable interest in the outcome." Murphy v. Hunt, 455 U.S. 478, 481, 102 S.Ct. 1181, 1183 (1984). The federal court is "without power to decide questions that cannot affect the rights of the litigants before them" North Carolina v. Rice, 404 U.S. 244, 246, 92 S.Ct. 402, 406 (1971) *per curiam*, *quoting* Aetna Life Ins. Co. v. Hayworth, 300 U.S. 227, 240-241, 57 S.Ct. 461, 463-464 (1937). To satisfy the Article III case or controversy requirement, a litigant "must have suffered some actual injury that can be redressed by a favorable judicial decision." Iron Arrow, 464 U.S. at 70, 104 S.Ct. at 375; Simon v. Eastern Ky. Welfare Rights Org., 426 U.S. 26, 38, 96 S.Ct. 1617, 1924 (1976); NAACP, Western Region, 743 F.2d at 1353.

The mootness rule is subject to a "capable of repetition yet evading review" exception. See, Nebraska Press Assn. V. Stuart, 427 U.S. 539, 546, 96 S.Ct. 2791, 2797 (1976); GTE California, INC v. Federal Communications Comm'n, 39 F.3d 940, 945 (1994). The exception is met when the: "1) duration of the challenged conduct is too brief ever to be fully litigated prior to its cessation; and 2) a reasonable expectation is shown that plaintiff will again be subject the challenged activity." Mitchell, 75 F.3d at 528; GTE California, 39 F.3d at 945; see, also, County of Los Angeles v. Davis, 440 U.S. 625, 631, 99 S.Ct. 1379, 1383 (1979).

The court finds that in this case, all of Petitioner's claims regarding the manner, location or conditions of the execution of his sentence became moot when Petitioner ceased being incarcerated. Further, Petitioner's claims are not subject to the "capable of repetition yet evading review" exception to the mootness rule because there is no indication of a reasonable expectation that Petitioner will again be subject to incarceration at all, or, more particularly, under the same conditions he previously experienced. Accordingly, this court

finds that the present petition for writ of habeas corpus has become moot.

        Accordingly, IT IS HEREBY RECOMMENDED as follows:

1)      Respondent's motion be GRANTED;

2)      this petition for writ of habeas corpus be DISMISSED as moot; and

3)      the Clerk of the Court be directed to enter judgment for Respondent and to close this case.

        These Findings and Recommendation are submitted to the assigned United States District Court Judge, pursuant to the provisions of 28 U.S.C. section 636 (b)(1)(B) and Rule 72-304 of the Local Rules of Practice for the United States District Court, Eastern District of California.  Within thirty (30) days after being served with a copy, any party may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendation."  Replies to the objections shall be served and filed within ten (10) <u>court</u> days (plus three days if served by mail) after service of the objections.  The court will then review the Magistrate Judge's ruling pursuant to 28 U.S.C. § 636 (b)(1)(C).  The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

**Dated:    February 15, 2007**           **/s/  William M. Wunderlich**
mmkd34                                   UNITED STATES MAGISTRATE JUDGE