1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

IN THE UNITED STATES DISTRICT COURT FOR THE

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JONAS DAVID SMITH, ) | 1:06-cv-0886 AWI WMW HC |
| ) | |
| Petitioner, ) | ORDER RE |
| ) | PETITIONER'S OBJECTIONS |
| vs. ) | RE: RESPONDENT'S LACK |
| ) | OF STANDING TO ANSWER |
| ) | THE PETITION; REQUEST |
| JEFF WRIGLEY, Warden, ) | FOR SANCTIONS |
| ) | |
| Respondent. ) | [Doc. 35] |
| ) | |
| ) | |
| _____) | |

Petitioner is a federal prisoner proceeding pro se on a petition for writ of habeas corpus pursuant to 28 U.S.C. Section 2241.  On December 19, 2007, Petitioner filed his Objection Re: Respondent's Lack of Standing to Answer the Petition; Request for Sanctions, In his objections, Petitioner argues that because he is no longer incarcerated at the institution where Mr. Wrigley is the warden, Respondents have filed an answer on behalf of a person who lacks standing.   Petitioner asks the court impose sanctions in the form of striking all materials submitted on behalf of Jeff Wrigley and to award judgment to Petitioner. Petitioner also asks the court to personally sanction opposing counsel.

As Respondent argues, "standing" refers to a party's right to make a legal claim in court and has no application to a responding party such as the Respondent in this case.  As a named party, Jeff Wrigley may properly respond to the allegations made against him by Petitioner.   Indeed, Jeff Wrigley is the only named Respondent in this action, and a responsive pleading was therefore required on his behalf alone.

Based on the foregoing, IT IS HEREBY ORDERED as follows:

1) Petitioner's objections are OVERRULED;

2) Petitioner's request for sanctions is DENIED.

IT IS SO ORDERED.

**Dated:   May 26, 2008**                              /s/ Anthony W. Ishii
                                                       UNITED STATES DISTRICT JUDGE