# IN THE UNITED STATES DISTRICT COURT FOR THE
# EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| **JONAS DAVID SMITH,** | ) | 1:06-cv-0886 AWI WMW HC |
| Petitioner, | ) | |
| | ) | **ORDER DENYING** |
| vs. | ) | **PETITIONER'S RENEWED** |
| | ) | **MOTION TO STRIKE** |
| JEFF WRIGLEY, Warden, | ) | [Doc. 43] |
| Respondent. | ) | |

Petitioner is a former federal prisoner proceeding pro se on a petition for writ of habeas corpus pursuant to 28 U.S.C. Section 2241. Pending before the court is Petitioner's renewed motion to strike Respondent's motion to dismiss .

## PROCEDURAL HISTORY

Petitioner filed the present petition on July 13, 2006. On January 29, 2007, Respondent filed a motion to dismiss the petition as moot. Specifically, Respondent alleged that Petitioner had been released via good time credit on November 24, 2006. On April 30, 2007, the undersigned adopted the findings and recommendations of the Magistrate Judge

and dismissed this petition as moot.

On May 10, 2007, Petitioner filed a motion for reconsideration, explaining that the court had failed to address two additional contentions found in his amended petition. On August 2, 2007, the court granted Petitioner's motion for reconsideration and ordered Respondent to file an answer to the two additional claims within thirty days. Respondent did not file an answer. On November 19, 2007. Respondent filed a motion to dismiss.

## DISCUSSION

In Document 43, entitled "Petitioner's Receipt of Respondent's Dkt. #36; Renewal of Motion to Strike," Petitioner opposes Respondent's motion to dismiss on the ground that it is untimely. Petitioner argues that under Rule 12(a)(1)(A), Federal Rules of Civil Procedure, a party must serve an answer within 20 days after being served with the summons and complaint. Petitioner correctly states that Respondent did not file any pleading or motion within twenty days of the date that Petitioner filed his amended petition in August of 2006. Petitioner also correctly notes that Respondent did not file any pleading or motion within thirty days of August 2, 2007, when the court ordered Respondent to file an answer within thirty days.

In response, Respondent argues correctly that under FRCP12(b)(6), motions to dismiss are timely if filed before an answer or other responsive pleading is filed. In Aetna Life Ins.Co. v. Alla Medical Services, Inc., 855 F.2d 1470, 1474 (9th Cir. 1988), the Ninth Circuit explained:

> This circuit allows a motion under Rule 12(b) any time before the responsive pleading is filed. See Bechtel v. Liberty National Bank, 534 F.2d 1335, 1340-41 (9th Cir.1976) (venue challenge under Rule 12(b)(3)). The Bechtel court noted that while some courts hold that Rule 12(b) motions must be made within 20 days of service of the complaint, the rule itself only requires that such motions "be made before pleading if a further pleading is permitted." Id. at 1341 [ quoting Rule 12(b), Fed.R.Civ.P.].

Respondent's motion to dismiss was filed on November 19, 2007, before any answer or other responsive pleading was filed. Although the court's deadline for filing a timely answer had passed by November 19, 2007, no default had been entered against Respondent. Under these

2

circumstances, the court cannot find an adequate basis to strike Respondent's motion to dismiss.

      Accordingly, IT IS HEREBY ORDERED as follows:

1) Petitioner's renewed motion to strike is DENIED;

2) Petitioner is granted thirty days from the date of service of this order to file an opposition to Respondent's motion to dismiss filed November 19, 2007;

3) Respondent is granted thirty days thereafter to file a reply to Petitioner's opposition;

4) No extensions of time will be granted to either party;

5) No additional motions from either party will be entertained by the court until the motion to dismiss is resolved.

IT IS SO ORDERED.

Dated:   **May 26, 2008**                      /s/ Anthony W. Ishii
                                                  UNITED STATES DISTRICT JUDGE