IN THE UNITED STATES DISTRICT COURT FOR THE

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JONAS DAVID SMITH,               )<br>                                                  )<br>           Petitioner,                    )<br>                                                  )<br>    vs.                                        )<br>                                                  )<br>                                                  )<br>JEFF WRIGLEY, Warden,          )<br>                                                  )<br>           Respondent.                )<br>                                                  )<br>_____ ) | 1:06-cv-0886 AWI WMW HC<br><br>FINDINGS AND<br>RECOMMENDATIONS RE<br>RESPONDENT'S MOTION TO<br>DISMISS PETITION FOR<br>WRIT OF HABEAS CORPUS<br><br>[Doc. 27] |

Petitioner is a former federal prisoner proceeding pro se on a petition for writ of habeas corpus pursuant to 28 U.S.C. Section 2241. The matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 72-302. Pending before the court is Respondent's motion to dismiss.

**PROCEDURAL HISTORY**

Petitioner was a federal prisoner at the time he filed this petition for writ of habeas corpus pursuant to 28 U.S.C. Section 2241. The case proceeds on the amended petition entered August 17, 2006. On January 29, 2007, Respondent filed a motion to dismiss the

petition as moot. The court granted the motion on April 27, 2007. On May 10, 2007, Petitioner filed a motion for reconsideration, which the court granted in an order entered August 2, 2007. Pursuant to that order, Petitioner's third and fourth claims set forth in his amended petition were reopened. Respondent now moves to dismiss those two claims.

## LEGAL STANDARD

Writ of habeas corpus relief extends to a person in custody under the authority of the United States. See 28 U.S.C. § 2241. While a federal prisoner who wishes to challenge the validity or constitutionality of his conviction must bring a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2255, a petitioner challenging the manner, location, or conditions of that sentence's execution must bring a petition for writ of habeas corpus under 28 U.S.C. § 2241. See, e.g., Capaldi v. Pontesso, 135 F.3d 1122, 1123 (6th Cir. 1998); Kingsley v. Bureau of Prisons, 937 F.2d 26, 30 n.5 (2nd Cir. 1991); United States v. Jalili, 925 F.2d 889, 893-94 (6th Cir. 1991); Brown v. United States, 610 F.2d 672, 677 (9th Cir. 1990). To receive relief under 28 U.S.C. § 2241 a petitioner in federal custody must show that his sentence is being executed in an illegal, but not necessarily unconstitutional, manner. See, e.g., Clark v. Floyd, 80 F.3d 371, 372, 374 (9th Cir. 1995) (contending time spent in state custody should be credited toward federal custody); Jalili, 925 F.2d at 893-94 (asserting petitioner should be housed at a community treatment center); Barden, 921 F.2d at 479 (arguing Bureau of Prisons erred in determining whether petitioner could receive credit for time spent in state custody); Brown, 610 F.2d at 677 (challenging content of inaccurate pre-sentence report used to deny parole). A petitioner filing a petition for writ of habeas corpus under 28 U.S.C. § 2241 must file the petition in the judicial district of the petitioner's custodian. Brown, 610 F.2d at 677.

## DISCUSSION

Respondent moves to dismiss Petitioner's third and fourth claims on the ground that they fail to state a claim upon which relief can be granted. In his third claim, Petitioner

2

requests an order requiring the GEO Group, Inc., to provide him with an airplane ticket from Bakersfield, California, to Syracuse, New York.  He additionally requests that the GEO Group, Inc., be required to transport him to the Bakersfield Airport .  Petitioner makes these requests based on the requirement that he report to supervised release in Syracuse, New York within 72 hours of his release from incarceration in Bakersfield, California.  Petitioner asserts that the only way that he can comply with this requirement is through air travel.

       Petitioner relies on 18 U.S.C. § 3624(d)(3), which states in part:

> d) Allotment of clothing, funds, and transportation.--Upon the release of a prisoner on the expiration of the prisoner's term of imprisonment, the Bureau of Prisons shall furnish the prisoner with–  . . .
> (3) transportation to the place of the prisoner's conviction, to the prisoner's bona fide residence within the United States, or to such other place within the United States as may be authorized by the Director.

The court must agree with Respondent that there is nothing in Section 3624(d)(3) that requires the provided transportation to be by air.   Petitioner states in his amended petition that he was informed that he would be provided with a bus ticket from Taft, California, to Syracuse, New York.  Petitioner declined the offered bus ticket and informed the facility that his "significant other was flying to California, would pick him up at the facility and they would then fly home to New York together."   As set forth in the amended petition, The Geo Group informed Petitioner that it does not pay for plane tickets.  See also, Declaration of Dale Patrick, Administrative Remedy Coordinator at Taft Correctional Institution.  The court finds that Petitioner was offered transportation in compliance with the applicable statute, which he declined.  The court further finds that Petitioner's claim for reimbursement is therefore unfounded and does not provide a basis for habeas corpus relief.

       In his fourth claim for relief, Petitioner claims that The GEO Group improperly calculated his good time credits.  Petitioner interprets 18 U.S.C. § 3624(b) as providing 54 days of good time credit for every year incarcerated.   Under the Bureau of Prisons Program Statement, an inmate is entitled to 46 days good time credit for every 366 days served.

       The Ninth Circuit expressly rejected the argument Petitioner now makes in Pacheco -

3

Camacho v. Hood, 272 F.3d 1266 (9th Cir. 2001).  In that case, the court held that the Bureau of Prisons regulation which uses amount of time actually served by prisoner, rather than sentence imposed, as basis for prorating good time credit available to prisoner for his last year of imprisonment or portion thereof, was a reasonable interpretation of the federal good time statute.  The court therefore finds that because Petitioner's argument has been rejected by the Ninth Circuit, it provides no basis for habeas corpus relief.

Based on the foregoing, IT IS HEREBY RECOMMENDED as follows:

1) Respondent's motion to dismiss be GRANTED;
2) this petition for writ of habeas corpus be DISMISSED for failure to state a claim upon which relief can be granted;
3) that the Clerk of the Court be directed to enter judgment for Respondent and to close this case.

These Findings and Recommendation are submitted to the assigned United States District Court Judge, pursuant to the provisions of 28 U.S.C. section 636 (b)(1)(B) and Rule 72-304 of the Local Rules of Practice for the United States District Court, Eastern District of California.  Within thirty (30) days after being served with a copy, any party may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendation."  Replies to the objections shall be served and filed within ten (10) court days (plus three days if served by mail) after service of the objections.  The court will then review the Magistrate Judge's ruling pursuant to 28 U.S.C. § 636 (b)(1)(C).  The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

These Findings and Recommendation are submitted to the assigned United States District Court Judge, pursuant to the provisions of 28 U.S.C. section 636 (b)(1)(B) and Rule 72-304 of the Local Rules of Practice for the United States District Court, Eastern District of California. Within thirty (30) days after being served with a copy, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendation." Replies to the objections shall be served and filed within ten (10) court days (plus three days if served by mail) after service of the objections. The court will then review the Magistrate Judge's ruling pursuant to 28 U.S.C. § 636 (b)(1)(C). The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated:  June 16, 2008                    /s/  William M. Wunderlich
                                         UNITED STATES MAGISTRATE JUDGE

5