IN THE UNITED STATES DISTRICT COURT FOR THE

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **JONAS DAVID SMITH,** | 1:06-cv-0886 AWI WMW HC |
| Petitioner, | ORDER ADOPTING FINDINGS AND RECOMMENDATIONS RE |
| vs. | MOTION TO DISMISS PETITION FOR WRIT OF HABEAS CORPUS |
| **JEFF WRIGLEY, Warden,** | |
| Respondent. | [Doc. 27, 53, 54] |

    Petitioner is a federal prisoner proceeding pro se on a petition for writ of habeas corpus pursuant to 28 U.S.C. Section 2241. The matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 72-302.

    On June 16, 2008, the Magistrate Judge filed findings and recommendations that recommended the court grant Respondent's motion to dismiss. These findings and recommendations were served on the parties and contained notice to the parties that any objections to the findings and recommendations were to be filed within thirty days. Petitioner filed objections on June 30, 2008.

    In accordance with the provisions of 28 U.S.C. § 636 (b)(1)C) this court has conducted a de novo review of this case.  See Britt v. Simi Valley Unified School Dist., 708

F.2d 452, 454 (9th Cir. 1983).   Having carefully reviewed the entire file, the court finds the findings and recommendations to be supported by the record and by proper analysis.   The court will briefly respond to some of the arguments made in Petitioner's opposition and objections that are not directly addressed in the findings and recommendations, but the court finds that the arguments made in these documents provide no basis to not adopt the findings and recommendations.

The court finds meritless Petitioner's claim that the Magistrate Judge deprived him of an opportunity to oppose Respondent's motion to dismiss.   The motion to dismiss was filed November 19, 2007, and under Local Rule 78-230(m), the motion was deemed submitted 28 days "after the service of the motion or when the reply is filed, whichever comes first."   The fact that Petitioner chose to file an "objection" to Respondent's standing, followed by a motion for reconsideration after the court overruled the "objection" did not alter the time period for filing an opposition to Respondent's motion to dismiss.   In addition, the court denied the motion for reconsideration on May 28, 2008, and the findings and recommendations were not entered until June 16, 2008.   There is no reason why an opposition could not have been filed in this time frame.

Petitioner also objects to the Magistrate Judge even issuing findings and recommendations in this action.   In this court, cases brought by someone seeking relief authorized by 28 U.S.C. § 2241 are automatically referred to the assigned Magistrate Judge.   See Local Rule 72-302(c).   Thus, the Magistrate Judge correctly issued findings and recommendations for this court to consider as authorized by 28 U.S.C. § 636.

Petitioner objects to the use of Attorney Robert A. Ford's declaration and Dale Patrick's Declaration.   Both of Petitioner's claims are legal questions: (1) Does federal law require that he be given a plane ticket upon his release? (2)   Were Petitioner's credits properly calculated?   Because both of these claims rest on what the law requires, the court need not consider any opinion evidence provided by Respondent.   To the extent Petitioner

2

claims these witnesses are allegedly biased, this alone is not grounds to disregard the declarations as most witnesses have some bias.

Despite Petitioner's objection, the court agrees that 18 U.S.C. § 3624(d)(3) only requires transportation, and does not mandate any particular type of transportation.  Because this habeas corpus action is civil in nature, see Browder v. Dir., Dep't of Corrections, 434 U.S. 257, 269 (1978), Petitioner has the burden of proving his case by a preponderance of evidence.  See, e.g., Parke v. Raley, 506 U.S. 20, 31 (1992); Sumner v. Mata, 449 U.S. 539, 551 (1981); McKenzie v. McCormick, 27 F.3d 1415, 1419 (9th Cir.1994).  Petitioner has failed in his burden of providing this court with the federal statute or regulation that requires prison officials to provide transportation by either the prisoner's chosen method of transportation or the method that prison officials prove will allow the prisoner to arrive at his destination in time for his first supervised release appointment.

Petitioner objects to the use of a motion to dismiss to resolve the pending petition instead of a summary judgment motion because the court considered evidence outside the record.  As discussed above, the evidence outside the record was not particularly necessary to the resolution of this action because the issues are matters of law and are not factual questions.   Regardless, habeas corpus is a unique civil remedy to which ordinary Rules of Civil Procedure do not always apply.  A motion to dismiss in a habeas corpus action is not the equivalent of a motion to dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.  In this court, the court addresses a respondent's motion to dismiss as a request for the court to dismiss under Rule 4 of the Rules Governing Section 2254 Cases.  See, e.g., O'Bremski v. Maass, 915 F.2d 418, 420 (9th Cir. 1990); White v. Lewis, 874 F.2d 599, 602-03 (9th Cir. 1989).   The court finds the use of this procedure in this petition brought pursuant to 28 U.S.C. § 2241 is appropriate.

Petitioner also has stated an opposition to Warden Jeff Wrigley even responding to the petition because Petitioner is no longer in Warden Jeff Wrigley's custody.   Warden Jeff

3

Wrigley responded to the petition because he was ordered to do so by the court, and as such, it was a proper response. The court notes that a petitioner seeking habeas corpus relief must name the officer having custody of him as the respondent to the petition. See Ortiz-Sandoval v. Gomez, 81 F.3d 891, 894 (9th Cir. 1996); Stanley v. California Supreme Court, 21 F.3d 359, 360 (9th Cir. 1994). Normally, the person having custody of an incarcerated petitioner is the warden of the prison in which the petitioner is incarcerated because the warden has "day-to-day control over" the petitioner. Brittingham v. United States, 982 F.2d 378, 379 (9th Cir. 1992); see also Stanley v. California Supreme Court, 21 F.3d 359, 360 (9th Cir. 1994). Where a petitioner is on probation, parole, or supervised release the proper respondent is his probation officer, parole officer, and person overseeing his supervised, release along with the official in charge of the agency. See Ortiz, 81 F.3d at 894; Stanley, 21 F.3d at 360. Petitioner's failure to name a proper respondent requires dismissal of his habeas petition for lack of jurisdiction. Stanley, 21 F.3d at 360; Olson v. California Adult Auth., 423 F.2d 1326, 1326 (9th Cir. 1970); see also Billiteri v. United States Bd. Of Parole, 541 F.2d 938, 948 (2nd Cir. 1976). The Magistrate Judge, in his discretion, considered the petition despite the wrong respondent to resolve the merits of this petition. However, Petitioner's failure to name a proper respondent is yet another reason why dismissal of this petition is appropriate.

Finally, Petitioner spends considerable time in his opposition addressing his medical care in prison and his inability to see one of his visitors while in custody. These claims were previously dismissed and when this court re-opened this action it was only to address the two claims discussed in the Findings and Recommendations and above. Thus, no further comment on these allegations is necessary.

Based on the foregoing, it is HEREBY ORDERED that:

1. The findings and recommendations issued by the Magistrate Judge on June 16, 2008, are adopted in full;

4

2. The Petition for Writ of Habeas Corpus is DENIED; and

3. The Clerk of the Court is directed to enter judgment for Respondent and to close this case.

IT IS SO ORDERED.

Dated:   **July 25, 2008**                          **/s/ Anthony W. Ishii**
                                         CHIEF UNITED STATES DISTRICT JUDGE